UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN D. HARDWICK,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cv-3121-EAS-EDP |
| | : | |
| v. | : | Judge Edmund A. Sargus, Jr. |
| | : | |
| **3M COMPANY, EIDP, INC., f/k/a E. I. DU PONT DE NEMOURS AND COMPANY, and THE CHEMOURS COMPANY**, | : | Magistrate Judge Deavers |
| | : | |
| | : | Oral Argument Requested |
| | : | |
| Defendants. | : | |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE *INSTANTER*
NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.2(a)(2), Defendants respectfully move for leave to file the Notice of Supplemental Authority filed contemporaneously with this motion. In support, Defendants state as follows:

1. Local Rule 7.2(a)(2) permits parties to petition the Court to file additional memoranda beyond those enumerated "for good cause shown." S.D. Ohio R. 7.2(a)(2). This Court also has granted leave to file supplemental authority, even in the absence of good cause, "where the non-moving party will suffer no prejudice by the filing." *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 836 (S.D. Ohio 2019) (Sargus, J.) (internal quotation marks omitted) (collecting cases). Here, Defendants' motion is supported by good cause, and granting the motion will not cause Plaintiff prejudice.

2. On October 18, 2024, Defendants filed a joint motion to dismiss. Dkt. 31. On December 13, 2024, Plaintiff filed an opposition to the motion to dismiss. Dkt. 36. On January 27, 2025, Defendants filed their reply in support of their motion to dismiss. Dkt. 45.

1

3. On June 27, 2025, the Supreme Court decided *Trump v. CASA, Inc.*, No. 24A884 (U.S.) ("Slip Op."), in which the Court reaffirmed the limits of a district court's equitable authority. Federal courts may issue "only those sorts of equitable remedies 'traditionally accorded by courts of equity' at our country's inception." Slip Op. 5 (quoting *Grupo Mexicano de Desarrollo, S. A. v. Alliance Bond Fund, Inc.*, 527 U. S. 308, 319 (1999)). This rule precludes nationwide injunctions and any other non-statutory equitable remedy that does not derive from founding-era practice, including the science panel and attendant medical-monitoring program Plaintiff seeks.

4. This Court should permit leave to file *CASA* as supplemental authority. It was decided after the parties fully briefed the motion to dismiss, and it is directly relevant to the Court's resolution of that motion. *See Chhajed v. Jaddou*, 2024 WL 1332258, at *3 n.2 (S.D. Ohio Mar. 27, 2024) (Sargus, J.) (granting motions to file supplemental authority where "directly relevant to the motion before the Court"). And it will not cause Plaintiff undue prejudice: Defendants are filing this motion within weeks of the *CASA* decision and filing the Notice simultaneously with this motion. Should the Court grant the motion Plaintiffs should be permitted an opportunity to respond.

5. In accordance with Local Rule 7.3, counsel consulted with Plaintiff's counsel to solicit their consent. Plaintiff's counsel informed Defendants that Plaintiff consents to the filing of this motion.

For these reasons, Defendants respectfully request that the Court grant them to leave file Defendants' Notice of Supplemental Authority, which is attached hereto.

DATED: July 29, 2025.

Respectfully submitted,

| | |
|---|---|
| */s/ Perry W. Doran, II* | */s/ Nathan A. Leber* |
| Perry W Doran, II (0071757) | Nathan A. Leber (0090770) |
| VORYS SAYER SEYMOUR & PEASE LLP | SQUIRE PATTON BOGGS (US) LLP |
| 52 E Gay Street | 127 Public Square |
| P.O. Box 1008 | 1000 Key Tower |
| Columbus, OH 43216-1008 | Cleveland, OH 44114 |
| Tel: 614-464-6400 | Tel: 216-479-8500 |
| E-Mail: pdoran@vorys.com | E-Mail: nathan.leber@squirepb.com |
| | |
| Daniel L. Ring (*pro hac vice*) | *Counsel for Defendants EIDP, Inc. and* |
| JENNER & BLOCK LLP | *The Chemours Company* |
| 353 N. Clark Street | |
| Chicago, IL 60654 | |
| Tel: 312-923-2625 | |
| Fax: 312-527-0484 | |
| E-Mail: dring@jenner.com | |

*Counsel for Defendant 3M Company*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

                                          */s/ Perry W. Doran, II*
                                          Perry W. Doran, II

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN D. HARDWICK,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-cv-3121-EAS-EDP |
| | : | |
| v. | : | Judge Edmund A. Sargus, Jr. |
| | : | |
| **3M COMPANY, EIDP, INC., f/k/a E. I. DU PONT DE NEMOURS AND COMPANY, and THE CHEMOURS COMPANY**, | : | Magistrate Judge Deavers |
| | : | |
| | : | Oral Argument Requested |
| | : | |
| Defendants. | : | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this Notice of Supplemental Authority to inform the Court of the recent decision in *Trump v. CASA, Inc.*, No. 24A884 (U.S. June 27, 2025) ("Slip Op."). In *CASA*, the Supreme Court reaffirmed that federal courts' equitable authority "encompasses only those sorts of equitable remedies 'traditionally accorded by courts of equity' at our country's inception." Slip Op. 5–6 (quoting *Grupo Mexicano de Desarrollo, S. A. v. Alliance Bond Fund, Inc.*, 527 U. S. 308, 318, 319 (1999)). Courts entertaining requests for equitable relief must therefore ask whether the remedy sought is "sufficiently 'analogous' to the relief issued 'by the High Court of Chancery in England at the time of the adoption of the Constitution and the enactment of the original Judiciary Act.'" *Id*. The absence of a founding-era analogue "is dispositive" of the question, and "federal courts lack authority to issue [such a remedy]." *Id*. at 7 n.6, 21

*CASA* requires dismissal of Plaintiff's complaint. *See* Dkt. 31-1 at 27–31. First, even if this Court were to find that Plaintiff's requested relief is equitable, rather than a dressed-up damages

1

claim, *see id*. at 24–27, Plaintiff asks this Court to do precisely what *CASA* forbids—to issue equitable relief that lacks a founding-era analogue. Plaintiff has identified no founding-era analogue for the establishment of a science panel and a follow on medical-monitoring program purportedly based on the work of a science panel; indeed, he does not even attempt to show that something resembling the remedy he seeks—an injunction ordering the establishment of a science panel and medical monitoring—was available in courts of equity in the 18th and 19th centuries. Dkt. 45 at 30.

Second, the Court in *CASA* made clear that the *Grupo Mexicano* inquiry applies in every case seeking non-statutory equitable relief, Slip Op. 9 n. 7, foreclosing Plaintiff's request that this Court interpret *Grupo Mexicano* "narrowly." Dkt. 36 at 46. Thus, while Plaintiff invokes "decades" of cases in which courts have ordered medical monitoring as a remedy, *id*. at 48, *CASA* held that even a century of judicial practice cannot create authority to issue equitable remedies that the Judiciary Act of 1789 did not confer, *see* Slip Op. 9 n.7 ("Under any account, universal injunctions postdated the founding by more than a century—and under *Grupo Mexicano*, equitable authority exercise under the Judiciary Act must derive from founding-era practice."). Instead, an equitable remedy's "absence from 18th- and 19th-century equity practice settles the question of judicial authority." Slip Op. 10. So too here.

Finally, *CASA* forecloses Plaintiff's position that the Court can issue the relief he seeks because federal courts' equitable remedies are expansive and flexible, invoking "countless examples of courts crafting forms of equitable relief that likely did not exist at the time of the founding." Dkt. 36 at 45. Whatever flexibility courts may continue to enjoy after *CASA*, it must be "confined" within the traditional boundaries of equitable relief, Slip Op. 10, meaning any equitable

2

remedy must have its origins in "a sufficiently comparable predecessor ... available from a court of equity at the time of our country's inception," *id*. at 11.

For these reasons, and those explained in the Defendants' motion to dismiss and reply briefs, Defendants respectfully request that the Court dismiss Plaintiff's complaint requesting equitable relief that the Court lacks authority to issue.

DATED: July 29, 2025


Respectfully submitted,

| | |
|---|---|
| */s/ Perry W. Doran, II* | */s/ Nathan A. Leber* |
| Perry W Doran, II (0071757) | Nathan A. Leber (0090770) |
| VORYS SAYER SEYMOUR & PEASE LLP | SQUIRE PATTON BOGGS (US) LLP |
| 52 E Gay Street | 127 Public Square |
| P.O. Box 1008 | 1000 Key Tower |
| Columbus, OH 43216-1008 | Cleveland, OH 44114 |
| Tel: 614-464-6400 | Tel: 216-479-8500 |
| E-Mail: pdoran@vorys.com | E-Mail: nathan.leber@squirepb.com |
| | |
| Daniel L. Ring (*pro hac vice*) | *Counsel for Defendants EIDP, Inc. and* |
| JENNER & BLOCK LLP | *The Chemours Company* |
| 353 N. Clark Street | |
| Chicago, IL 60654 | |
| Tel: 312-923-2625 | |
| Fax: 312-527-0484 | |
| E-Mail: dring@jenner.com | |

*Counsel for Defendant 3M Company*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF System, which will send notification to the ECF counsel of record.

*/s/ Perry W. Doran, II*
Perry W. Doran, II
